0551 Ryan Dynak, 10th Attorney, the Wood Dale School District 7 Board of Education Defendant, Appellee. Partnering on behalf of the Defense Attorney, Mr. Ryan M. Doma. Partnering on behalf of the Defendant, Appellee, Mr. Adam Dawson. Good morning. You'll notice that our third panel member, Justice Hudson, is not here with us this morning. He's attending a funeral of a family member in Wisconsin. He's familiar with the record. He's read the briefs and he'll listen to the oral arguments and we'll conference after that and issue a decision. So, Mr. Doma. Good morning, Your Honors. May it please the Court. This case presents an issue of statutory interpretation of first impression concerning the meaning and scope of the rights provided to comfort employees under Section 24-6 of the Illinois School Code. This case specifically presents the question of why the plaintiff appellant, Margaret Dynak, was entitled to use a total of 30 days of accumulated paid sick leave, where the second child was born one and a half days before the end of the 2015-16 school year. She had requested to use a total of 30 days of sick leave, using one and a half days at the end of the school year and requesting to use the remaining 28 and a half days at the start of the next school year. You argue in your brief that the statutory language does not contain any explicit temporal limitations. Correct. Isn't the birth of a child a temporal limitation? The birth of a child to me is sort of a... It's the event, right? It's an event, but I mean, what we mean by that statement is simply that when you look at the statutory language, it doesn't say that the leave must be used within any set time limit. Nor does it contemplate how you're supposed to, that right to use leave is supposed to be applied and used where there are intervening periods of non-work days. School employees are unique in the fact that they have large chunks of time where they're not otherwise expected to be at work. So it affects the way that the leave is used and assets to be provided for. Let me ask you this. What if the plaintiff had scheduled her C-section on June 8th after the school year ended? Would she be entitled to use 30 days at the beginning of the next school year? Our interpretation of the school code that I have, she gave birth during the middle of the summer that, you know, or as June 8th as you propose, but yes, she would have been able to use the sick leave starting on the first work day after the date of birth. Just as the leave should not be limited that if she gave birth in the middle of December and you have an intervening two week period for winter break, that her leave shouldn't be subsequently reduced. What if a teacher misses or takes one day for the flu on the last day of school? Can that teacher take two more days for that illness at the start of the next school year? Absolutely not. As we argue in our brief, the mandatory history and the way that section 24.6 was amended shows that leave for birth adoption and placement for adoption is distinct from the previously enumerated basis for using sick leave. It is the way that it was amended and the way that the text must be analyzed that that is a different type of leave. Would you agree that the provisions of the statute that are used throughout the statute should be construed in the same manner? Just to clarify, please. Would you agree that provisions of a statute should be construed in light of the statute as a whole? I would agree with that, but I would also look at the manner in which this particular language was added. So while this is sick leave, it has been provided that there is also leave for adoption, which there's no clear medical basis. It's unlike other types of sick leave, and the use of a leave for birth is linked with leave for adoption and placement for adoption. Well, there's always an element of reasonableness in evaluating whether or not a particular leave should be approved, correct? That's why notice has to be given. Absolutely. And the superintendent does have some flexibility in deciding whether or not it's appropriate to grant sick leave in this situation, maybe not in another situation. Would you agree? I think there's discretion, but it can't be the right thing. And for some circumstances, a certificate may be required if there's an extended leave requested, correct? Oh, under the school code, it's only after a leave of absence after 30 days. Right. And for sicknesses after three days? Correct. Now you say that my sickness hypothetical would not fly, that you could not do, you can't go to the next school year. I believe that the type that the leave for personal illness, quarantine at home, and serious illness in the immediate family or death in the household is different from the leave for birth, adoption, and placement for adoption. You believe that? Is that it? Is that the plan? So you're reading something into the statute that's not there? I don't believe so. I believe that if you look at, so there's a few different reasons why. First, if you look at how the statute was amended. What's the trigger for the illness, for illness leave? Illness leave would be suffering the person, correct. And what's the trigger for the family adjustment type of leave that you're talking about? For adoption? For adoption, it's the new person in the family? Correct. Correct. I mean, the leave, the right to use the leave is based on the birth, but there's nothing in the statutory language that provides that you lose that right depending on when the birth occurs in the school year. And the fact is, if you look at the way the statute was amended, the legislature. Both periods, are they not the three days for illness and 30 days for birth are tied to a period that the general assembly is determined to be reasonably necessary for that event, for either recovery in the illness situation or adjustment in the birth or adoption situation, correct? I believe so. The legislature hasn't indicated the reason why it provided the specific times to leave, but I think that there must be why they provided it. But they've also written the statute in a way that the period for using the leave has to be measured by working school days. They couldn't just as easily say that you can use, you can have leave for birth within 30 days of birth. 30 days in, in 30 days paid is that six weeks. And on calendar week, assuming there are 30 work days in a six calendar week period, which they often are not. And how long was, after the plaintiff's birth, how long was she away from or absent from school? She then took, she requested and was granted 12 weeks of FMLA leave at the beginning of that school year. I think she ended up only taking 10. But before the school year started, how many days was she at home for summer vacation? The length of the summer break, I think it was approximately, it's through June, July and into August, the school year. Approximately 10 weeks. So 22 weeks unpaid. Correct. Well, with the summer, you're not, you can stretch your pay under the summer. 22 weeks unpaid. Correct. What in an adoption requires a medical consultation? Nothing that I'm aware of. That's why I believe the grouping of birth and adoption show that there is no need for any sort of medical basis for the leave for birth. Well, is there for birth a medical need for consultation or treatment or hospitalization? Usually there is, but then why is birth going to link with adoption and why is there leave provided for adoption when there's no such medical basis in a provision that provides for sick leave? Well, that really I don't think is the question. I think the question is, are both, do both have a temporal limitation or do neither or does one or the other have a temporal limitation? And based upon your answers, it would seem that the correct analysis is that adoption does not. And so to apply the lack of temporal limitation that appears to, in context, logically apply to adoptions does not in reality logically apply to births. And so put in layman's terms, I think it's called comparing tangerines to Granny Smith's. You're comparing oranges to apples. There's still leave provided for adoption and then you request the leave at the time of the adoption. Now, there is still, I think the district would argue the same thing. If I was here arguing that she could use adoption some other extended period of time, that the triggering event would still be adoption. I think just as we've argued that leave must be for birth, in that there's a showing that the request for leave is not too remote from the event. You're telling me that if somebody asked for leave to attend court sessions relating to preliminary proceedings or final proceedings regarding adoption, that the superintendent would not allow it on the basis that it only applies to the day in which the judgment of adoption is to be entered by the court. No, I think you'd be allowed to use adoption. But I think there, then the employee is the one who's requesting the leave. So they're going to choose when the time the leave starts because it is a more continued process. It's different from birth, which has sort of a fixed point in time in which it occurs. Meaning that if there is a temporal limitation in adoptions, it's the court proceedings and the nature thereof. It could be. I think an employee could just as rightly, the way the session is written, choose to request to start his or her leave at the time the formal adoption takes place and the child is placed with them. There's nothing in this statute that requires you to start a request adoption at a specific time of the proceedings. So you could take personal days or just take the time off, if we're talking about pre-adoption proceedings? I don't think there's anything in the school code that requires someone in adopting to start their leave at a specific point in the adoption process. You're required to inform the district that the process is underway, but I think someone could rightly choose to start their leave when the child is placed with them and there's nothing in the statutory language that obligates them to do otherwise. You say in your brief that sick leave for birth is available in the next 30 continuous work days following the birth. Is that what the statute says? I believe it does. Does it say work days? So I think it's important to look at what it does. I'm asking you a question. Does it say work days? No, it uses the term days unmodified in a provision. And how is this not adding language to the statute by interpreting in your view? The school code uses the terms working days, calendar days, and school days throughout. Section 24, it also uses in various forms, probably more so than the time days with an immediate modifier, it uses days without any modification so that you have to infer what the reference to days means based on the specific reference. Section 24.6 uses the word days six separate times. There is no way to read that word as anything other than a work and school day. It is providing for the accumulation and use of paid sick leave that can only be used on a work day. You're so you're asking us to read that into the statute. I'm asking you to interpret the word days based on context. Reading it and interpreting it in that in that way. Correct? Correct. I don't believe it's reading anything in. It's based on the text and what it must mean because it couldn't refer to a calendar day. Does you say in the brief there's no temporal limit? No, that the leave for birth is limited by that the request and the use of it must be shown to be for birth. There's not no limit to the right to use the leave. You said, well, you say there's no temporal limit. I say the statute doesn't provide an express temporal limitation on the right to be absent from work and using paid sick leave for the 30 day period before the district can require medical certification. And to the point you brought up about days, I think you have to focus on the language that the legislature used in referring to it. So the statute provides that sick leave that explicitly defines it to include birth adoption in place for adoption. The only limitation that is placed on that right in the school code is that it says that school districts may require medical certification as a basis for pay during a leave after an absence of 30 days for birth. If you look at that language first, it uses the term absent, which is defined as the failure to be present at the usual or expected place. The word is also closely associated with being absent from work. And of course, during the summer for school teachers, they are absent the whole because the school is closed. I wouldn't consider, on a day you're not expected to be at work or the court's closed for a holiday, you're not absent from work. It's a non-work day. Your interpretation is that if during the summer you have a child, you can take the whole summer off and then start the school year at home on sick leave. My interpretation is that the period of leave provided for is a right to be absent from work using paid sick leave for 30 days, and it's not otherwise restricted. And so there, if your birth is over the summer, the first work day where you could use sick leave is the first day of the next school year. And that is what has been allotted to you under Section 24-6. Do you think this statute is clear in that space? I think the statute is clear for the rights that we're asking for, but I would admit that it's not drafted in the most precise manner. But I think the statutory language and the words that are used by absence, leave, and basis for pay make clear that it provided a right to use 30 days paid sick leave for birth, and that it is not, as the district argued, that you have the right to use however many sick days fall on whatever number of work days fall on a six-week period. That's what they're arguing. It's that it's not that you actually get 30 days of paid sick leave. If you give birth at the end of the school year, you get one and a half days, like Ms. Dynack. If you give, if you give birth in the middle of the summer, you get no days. It doesn't, it's... Isn't this something that should have been part of the collective bargaining agreement? Like the other case that's still pending in the trial court, that if you're going to bargain for this right, or you're asserting this right, it's something that, as you mentioned, it's not drafted with particular clarity, although you say it's not ambiguous. Shouldn't it be bargained for? Or shouldn't this be a matter for the General Assembly to clarify? I think the statute, well, regardless of what, to take the last part first, the General Assembly can attempt to clarify the language, but we still have to determine what the rights are provided under as drafted. And I think that clearly provided Ms. Dynack the right to use leave. And you're basically, you're saying she is entitled to 22 total weeks that she's away from work, 10 weeks that she got for the summer, the 12 weeks at the beginning of the school year. And she's also entitled to gifts of 30 days paid. I maintain that the period of sick leave provided is intended to be measured by working school days and intervening periods of non-work days based on the nature of the school calendar don't obviate a right. And there's nothing in the statutory language to indicate that that should be so. If I may answer your question about the collective bargaining agreement. Parties are free to negotiate from, the school code serves as the floor. So here, the rights provided under Section 24.6 establish that she is entitled to use these 30 days of paid sick leave. The parties are then free to negotiate things above that. They can negotiate for her to have more leave. Could also negotiate about the implementation as long as it doesn't obviate the rights provided under Section 24.6. So the district raises concerns about people using sick leave years later or on half days. I think there's ways in which you can bargain about the implementation to eliminate those concerns. So long as it's consistent with Section 24.6 and you don't take the position that she gets no sick leave because that's plainly not what Section 24.6 provides. You mentioned in your brief, and I know you've gone over time and I have a couple more questions, that 24.6 is a response to WINKS. Yes. Is that from the legislative debates? Is that a legislative history? I didn't see WINKS mentioned. Well, if I can go something briefly, my analysis of WINKS. First, there's nothing in the legislative history that answers the questions we have presented today. I don't know if that's my point. So WINKS was a case from the 1970s. And it existed. So it was under the school code as it then existed, which did not provide leave for birth, adoption or placement for adoption. The court was presented with the question of whether employees could use sick leave for pregnancy and childbirth. And they referred to quote unquote normal pregnancy and childbirth, meaning no complications. And the question was whether that qualified as a personal illness. The court said no. In analyzing the statute and that statutory language, it also looked at other provisions of the school code. There have been changes made to the school code after federal pregnancy discrimination legislation was passed. What they did is they looked at language in protections for against discharge and protections for seniority that use the terms physical and temporary incapacity. And the court explicitly found that those phrases encompass the period post childbirth, the postpartum period of six weeks that the district is saying is covered by Section 24-6. It's those words that they said referred to that period. Now, when the legislature amended to 24-6 in 2007, it did not use the terms temporary or physical incapacity. It used for birth. And we were to presume where in the same statute the legislature uses different terminology, which we know what physical incapacity means based on the Wink's decision, that for birth is supposed to have a different meaning. Well, and using and putting in adoption, I'm an adoptive parent, so I know there's an adjustment period. And we're grateful to the General Assembly for recognizing that. They tied them together. So it's for that period of adjustment between the new parent and their child at home. And shouldn't they be treated the same? I think you have the same rights under the school code for birth and adoption. I think that if you were to adopt your child and a placement occurred in the middle of the summer, that you are also entitled to use all 30 days of accumulated paid sick leave. And the way that you're separating, though, the purpose and what you just acknowledged, the purpose and the intent is to accommodate the period of for a gate. I think that I think that's probably that's likely true for birth and adoption. And it's not a medical need for for birth. Doesn't that violate equal protection? How so? I don't see how there'd be. Well, if you adopt in the summertime, then you get the summer plus 30 days. So those people who don't adopt during the summer only get 30 days. So you now have different classes. You got X plus 30, you have X prime plus 30, you have Y plus 30, you have Z plus 30. So you have a multitude. You have theoretically anywhere from I guess it is X equals the number of days in the summer vacation plus 30 running from the first day to the last day plus 30. So now you have a situation where the statute is interpreted by you that you supposedly, depending on the fortuity of when you supposedly took or this adoption was affected, you get anywhere from the entire summer plus 30 days to just 30 days. I think the opposite is true. I think the district's interpretation would cause an unequal treatment. Under what I'm proposing, you always get 30 days paid leave during it so that occurs during work. So that this period of summer, I think, is being construed and seen as something where they're not at work or getting an additional benefit. Every employee of the school district, it doesn't work over the summer. They're not absent from work. They're not expected to be there. It is the district's interpretation that would lead someone who, depending on when the birth occurred or when adoption occurred, and I've never adopted a child, but I imagine at some level you may not have total control over when the child is placed, that you might lose all the rights provided to you under the school code. And that's plainly not what the statutory language provides. OK, you can wrap up. OK. I think I'll just reserve the rest of my time for rebuttal. You have time for rebuttal. Mr. Doskus. Good morning, Your Honor. May it please the Court. I'd like to address a couple of the arguments that we just heard from the Mr. Toma. You know, if we step back and look at Judge Wheaton's ruling in the circuit court, I think she hit the button on the head when she said that under plaintiff's interpretation of this law, what would actually be created is a vested right in employees that upon one of these qualifying events, occurrences, it would vest that employee with the right to subsequently use sick leave at a later date. And Judge Wheaton gave the example that, you know, if there were a death in the 15th, that employee couldn't reasonably expect to take sick leave upon the next school year starting. And that's the school district's position, is that the event, whether it be adoption, whether it be birth, whether it be illness, whether it be a death, tethers that sick leave to it. There's an event and then sick leave follows with it because the employee can't work on those days subsequent to the event. Well, if you had a death where the memorial service was not going to be until the start of the school year, you would agree that would be an appropriate sick day, correct? Absolutely. Because there is some reasonableness tied to the request for sick leave. Absolutely. There's always going to be some discretion and some reasonableness in terms of when sick leave is going to be granted or it's going to be a permissible use. Counsel. Argues that it's an absolute right that if you have a child, you are entitled to 30 work days of sick leave. I think that's incorrect and I think the five words preceding where he reads that into the statute show us why. Because if you look at Section 24.6, immediately preceding the 30 days for birth language is the language that says three days for personal illness. So under counsel's interpretation and under the maximum imperative materia, we would have to afford three days for personal illness, the same right? And so upon a personal illness in June, I would get three days at the start of August. Now, as a spouse of a teacher who's my wife, I would love that for her. But that's just not what the law says. And I want to back up. Your argument is that regardless of whether or not it was a disability or an adjustment, like illness versus birth or adoption, that it has to be reasonably tied to that triggering event. Absolutely. Yes. And if we step back, and I think Justice Burkett, you addressed this a bit in some of your questioning, if we back up for a minute and just look at the nature of school employment, I think Mr. Toma even said something about extending paychecks throughout the summer. You know, teachers in this situation, as Ms. Dynack, are arguably in a better position than they otherwise would have been. And that's because teachers are, while they work 180 days for about 9 to 10 months, they're actually 12-month employees. Well, most teachers, many that I know, work in the summer at other jobs. They do. But their insurance isn't cut off. They're not eligible under state law for unemployment compensation. They're paid for 12 months. And in this case, Ms. Dynack didn't- You mean they're given 12-monthly payments? Right. I mean, most districts you can choose 22 or 26 pays. Most teachers choose 26 to spread it out, to cover them for the year for those who don't work other jobs. But in this case, Ms. Dynack wasn't charged sick leave. So by having the baby in early June, she was allowed to stay at home, bond with the child, care for the child, and then come back with all of her sick leave benefits. Does it make any difference whether the period in question is more or less than 30 days that they're asking for? Does the period in question? No, I don't think so. I think that what's- In other words, if this had happened over Christmas break, would it have made any difference? I don't believe so. I think that the 30 days, I think what the triggering event is, is the birth or is the illness. Because, again, if that were the case and there was an event over Christmas break, we have to go back to the personal illness piece, the three days for personal illness. If I fell ill or my wife fell ill on Christmas, she couldn't reasonably expect to come back January 9th or 10th and take three days of sick leave, just because by dint of circumstance, she was sick on Christmas. And that's the logical endpoint of Mr. Toma's argument, given the language at issue. Now, there's some other points that we raised in our brief that I think are worthy of highlighting here. One of them is our interpretation of the law, and at least the birth context, aligns with a common medical understanding of the postpartum period. And that's the six weeks immediately following the giving of birth, where a child is born. And the district's position is that there is a reasonable medical basis for why the legislature wrote the statute the way it did, the 30 days or six weeks. But there's nothing in the legislative history that would support Mr. Toma's interpretation of the law. And that's problematic, because in this declaratory judgment action, this is his burden to carry. It's not the district's. And there's been at no point from as far back as the letter that our counsel sent to the union's attorney asking for some basis for this argument, there's been at no point any evidence shared with us that suggests that the legislature intended to confer this type of untethered benefit or paid family leave benefit that would allow someone to take the leave that they're proposing. And if you look at other states, Your Honors, that have actually implemented a paid leave benefit. It's a complex scheme. It doesn't provide for full paid leave. It's often less than an employee's regular wages. It's funded through a mandatory employee payroll deduction. And right now, there's actually a bill pending that was filed after our briefs in this case, House Bill 9, that suggests providing paid family leave for private employees. And the Department of Labor is going to implement certain rules should this bill become law. And we don't have that here. We don't have administrative regulations on how to implement this, let alone any guidance from the Illinois State Board of Education that would suggest how a school district is supposed to implement this. To your point about the equal protection concerns, certainly there are equal protection concerns under that interpretation. And there's no guidance that's ever been promulgated from anywhere that suggests that that's an appropriate interpretation, let alone guidance from 2009 when the And we think that anything suggesting that is otherwise simply just not there. I mean, it's being created a whole cloth. So with that, if you have any other questions, I'd be happy to. Thank you, Your Honor. Mr. Tolma. Mr. Tolma, page 15 of the defendant's brief, they mention, I'm paraphrasing, that there's never been any response to the what's the postpartum, what's the purpose of the 30 days if it's not for postpartum? I mean, the legislature gave no indication. I would argue that What's the legislative intent? I believe the legislative intent to me is to provide Just to give a right? To give a right to parental leave. That's why they've given you the right for, you know, they don't use the phrase bonding, but clearly it's contemplating the right to be there with your family after the birth or in the case of adoption. The General Assembly chose to provide that right to both mothers and fathers. You just answered my question. She had the period to be there with her child during the summer. But there's nothing to indicate that she, that one period She had that period during the summer to be with her child for that bonding. You just answered the question. It's for bonding, it's for adjustment. And I would, I don't think the purpose changes the fact that she's entitled to the 30 days of paid sick leave. But she would not otherwise be working during that period of adjustment. So why should she be paid for a period that she's not going to be working? The period of adjustment that you just referred to. She's requesting to be paid to use the sick leave at the start of the school year. I would say that the reason that she's entitled to use it is because the legislature drafted section 24-6 to provide her that right. There's nothing that, there's nothing in the statutory language that says that you lose this right because there's intervening periods of non-work days. The legislature, you've looked at the school code. The legislature's aware of the nature and the specialized work of school employees. They know there's summer breaks. They know that there's winter breaks. Why wouldn't they then draft the statute in a manner that says you can use however many days of sick leave that fall within a 30-day period. You could easily modify two or three words in the statute to provide the limits on it that the district's claiming. The legislature simply did not draft the statute in that manner. Well, surely the fact that this is the first time this issue's been raised, you mentioned it's a case of first impression. Were the school districts interpreting it in your... While it's not on the record, yes, most school districts provide the right to leave that if you give birth over the summer, you can use your sick leave at the beginning of the school year. This is an outlier. This is why her here. I think I really just would like to focus on the fact that the district's interpretation is continually going back that there must be some sort of medical basis for the leave, and it refers to this common postpartum period. But there's nothing in the language that indicates that you're intended to have to be recovering from childbirth. As we talked about the Winks decision, it counsels against that interpretation. Also, the linking of birth and adoption with placement for adoption indicates that it does not have to have any sort of underlying medical purpose. Could you explain what you mean by recovering from childhood? What does it mean you just need to recover from childhood? I don't quite understand what you mean by that. I'm saying that the purpose of leave for birth, the reason it's being provided, is not solely for the recovery from childhood. That's why it's provided to male employees also, and it is the district uses the purported medical basis and the need for the leave for birth to restrict it to a six-week time period. You say the school district. Aren't we talking about a statute? So aren't we talking about what the legislature intended? I'm talking about the school district's interpretation of what the legislature enacted. Well, if the school district's interpretation is wrong, then you should win, right? Correct. What is the interpretation that the legislature ascribed? Because until we find out what that is, we won't find out whether or not the school district is simpatico with the interpretation of the state. I think the interpretation is clear. You get to be absent from work and using paid sick leave for 30 days for the event of birth, regardless of whether there's intervening periods of non-work days, and that there's nothing in the statutory language to indicate that you should lose that right. We talked about reading in limitations of the statute, and we talked about the use of days and its reference, and I think it's clear that those have to be interpreted to mean school days.  Correct. Again and again. What you're trying to do is treat birth, adoption, et cetera, different than illness. That's correct. And I think the statutory language supports that interpretation. For taking sick leave for illness, death of a family member, et cetera, it has to be tied to that event. But for birth of a child, all you have to do is say, I had a child, and therefore I'm entitled to sick leave, regardless of exactly when I had the child. Correct. Well, I think that you get that 30 days period. Then it can be more relevant in that context. All right. She has a child at the beginning or at the end of the school year, takes a day and a half, and she wants her 30 days sick leave in December. I think unless you could tie the event to the birth to some other underlying reason, then I don't think it would be appropriate. If she just wanted to delay it and it's not clear how it's still tied to birth, then I don't think she'd be entitled to it. Now, if I could provide another example. A father who works whose wife gives birth to a child, and she stays home for the first 12 weeks of birth. And the father is a school employee who wants to take leave beginning 8 or 12 weeks after the birth. I think that isn't allowed for an appropriate under the school code and under Section 246. It's clearly tied to the event of birth. Well, he's entitled to the family medical leave regardless. Well, but the family medical leave provides for unpaid sick leave. You can take it within 12 months. That's it. You get to take it, right? Correct. But I think Section 246 has drafted and provided the leave for birth. There's nothing to indicate that you couldn't take that. And the leave there would be appropriately tied to the event of birth. Your argument is the superintendent would have no discretion. I think the superintendent has discretion to determine. There's some discretion to determine when leave is appropriate for birth, but not to obviate the right to use 30 days paid sick leave unless there's some showing that is totally unconnected to the birth. Ms. Dynack here spent the entire time for the birth until she returned to work later at home caring for her child. There's never been any contention by the district that her request and use of leave was not for birth. Did you say that she would be entitled to take 30 days starting in November or December? I don't think unless there's some showing, which I can't imagine what the case would be, that tied the request, the delay, to the event of birth that she would be entitled to. Why not? If it's the right for 30 days, why can't she pick? If it's not temporarily limited, then what's the significance of picking the first day of school versus the 50th day of school or the 25th day of school when she wants to take? The limit, as we argued in our brief, has to be for birth. So unless you can make that showing, you're only entitled to the leave if you show that it's tied to the event of birth. Here, the leave was over 30 continuous work days. There was not one day of work that she delayed in taking this leave. If she pushes it off and she wanted to take it after the winter break, unless she has some showing or explanation of how that's tied to the event of birth, then I don't think she's entitled to the leave. You could tie it to birth if your child had a debilitating illness that was related to birth. The school code provides relief in that situation for care of serious illness in the immediate family. Those other circumstances are covered. Any other questions? Thank you. Thank you very much. We thank both parties for their arguments today. As I mentioned, Justice Hudson will listen to the arguments. We'll countenance the case and issue a decision in due course. The Court stands adjourned. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.  Thank you. Thank you.